Michael Anthony, J-12891
P.V.S.P., C3-206
P.O. Box 8503
Coalinga, CA  93210

In Pro Se



NOV 3 0 2005

CLERK, U S DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Michael Anthony,
     Petitioner

  vs.

Gail Lewis, Warden, et al.,
     Respondants

No. CIV S-02-0081 FCD JFM P

OBJECTIONS TO THE
MAGISTRATES FINDINGS
AND RECOMMENDATIONS

TO THE ABOVE ENTITLED COURT:

Pursuant to the order of this court, petitioner herein files these objections to the Magistrates findings and recommendations. (Hereinafter referred to as F & R throughout).

The deadline for filing these objections is December 1, 2005, pursuant to court order dated Nov. 1, 2005.  Therefore, these objections are timely.

Because the Magistrates findings are extensive and complicated petitioner will try to duplicate his format.

PROCEDURAL BACKROUND (F & R at pp. 2-5).

Petitioner has no objections to the procedural backround provided by the magistrate.

FACTUAL BACKROUND (F & R at p. 5).

Petitioner has no objections to the factual backround provided by the court.

1.

**I. STANDARDS FOR WRIT OF HABEAS CORPUS (F & R at p. 6).**

Petitioner has no objections to the standards for writ of habeas corpus as outlined by the court.

**II. PETITIONERS CLAIMS (F & R at p. 7).**

**A. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.**

Petitioner has no objections to the way the court characterizes his ineffective assistance of counsel claim.

**1. STANDARDS OF REVIEW (F & R at p. 7).**

Under the standards of review, the court basically states that the first three prongs of petitioners IAC claim must be reviewed de novo, as there is no state court decision on the merits. As for the fourth prong, it was denied on the merits by the Superior Court of Shasta County and, therefore, must be analyzed according to the standards set forth in the AEDPA. (28 U.S.C., Sec. 2254(d).) Petitioner has no objection to this.

**2. LEGAL STANDARDS FOR REVIEWING AN IAC CLAIM (F & R at p. 9).**

Petitioner has no objections to the legal standards for reviewing an IAC claim articulated by the court.

**3. ANALYSIS (F & R at p. 9).**

Here is where petitioner will begin his objections to the courts findings.

The Court states: "Petitioner may not raise claims of deprivation of his constitutional rights that occurred prior to his guilty plea (citations omitted)...Petitioner waived these ineffective assistance of counsel claims when he chose to plead guilty." (F & R at p. 10, lines 1-12). The courts reasoning is that counsels advice occurred prior to the entry of the guilty plea.

However, petitioner would argue that counsel's advice became ineffective assistance only after the imposition of the illegal sentence and the illegal dismissal of enhancements. Theoretically, there was no illegality until after the imposition of the illegal plea bargain and the illegal dismissal of enhancements. Hence, the claimed constitutional deprivation occurred after the entry

of the guilty plea so <u>Tollett</u> doesn't apply here.

Moreover, "neither (Tollett) nor the cases on which it relied, e.g., (Brady) and (McMann), stand for the proposition that counseled guilty pleas inevitably waive all antecedant constitutional violations. The point of these cases is that a counseled guilty plea is an admission of factual guilt so reliable, that where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case." <u>U.S. Ex rel. Potts v. Chrans</u>, 700 F.Supp. 1505, 1516 at fn. 3 quoting <u>Menna v. New York</u>, 423 U.S. 61, 62 at n. 1, 96 S.Ct. 241, 242 at n. 1.

Even under <u>Tollett</u>, a habeas petitioner may still obtain relief for a constitutional error occurring prior to a guilty plea if counsels failure to raise or to investigate the errors constitutes ineffective assistance of Counsel. <u>Tollett</u>, 411 U.S at 267, 93 S.Ct. at 1608.

However, assuming the court is right and petitioner can only attack the voluntary and intelligent nature of the plea "by showing that counsel's advice fell below an objective standard of reasonableness..." (F & R at p. 10, lines 24-25) "<u>as measured under prevailing professional norms</u>." <u>Strickland v. Washington</u>, 466 U.S. at p. 688, he has plainly done that.

The "prevailing professional norms" are:

(1) There is no plea bargaining under the 3-strikes law. (See People v. Lloyd, (Cal. 1998) 72 Cal.Rptr.2d 224, 228-29; People v. Cortez, 64 Cal.Rptr.2d 71, 74 at fn. 4 (Cal. App 5 Dist. 1997); People v. Allen, 57 Cal.Rptr.2d 269 (Cal. App. 2 Dist. 1996.); People v. Ramos, 55 Cal.Rptr.2d 1 at fn. 2 (Cal. App. 2 Dist. 1996.); People v. Williams, (1995) 46 Cal.Rptr.2d 728; and Cal. Pen. Code, Secs. 667(g) and 1170.12(e)).

(2) There is not to be any dismissal of enhancements. (See People v. Bailey, 44 Cal.Rptr.2d at p. 213; People v. Williams, 196 Cal.App.3d at p. 1160; People v. Petty, 44 Cal.Rptr.2d 34; People v. Anderson, 41 Cal.Rptr.2d 474; People v. Ramirez, 39 Cal. Rptr.2d 374; Michael v. Gates, 45 Cal.Rptr.2d 163; People v.

3.

Glaster, 45 Cal.Rptr.2d 65; People v. Loomis, 44 Cal.Rptr.2d. 775;
People v. Rucker, 48 Cal.Rptr.2d 432; and Cal. Pen. Code, Secs.
1385(b), 667(e), 1170.12(c), and 1238(10).) Counsel plainly
acted outside the "prevailing professional norms."

The court next concludes that because of the "overwhelming"
case against petitioner, that fact "precludes a reasonable claim
that petitioner would have insisted on going to trial if he had
been informed that his favorable plea agreement was in technical
violation of state law." (F & R at p. 11, lines 9-10).

Short of trying the case in this court, the assumption that
the prosecutions case was "overwhelming" is simply an unsubstantiated
opinion. Moreover, the court is missing a key point. As will be
addressed in prong three of petitioners IAC claim, petitioner is
being subjected to five years more in prison than bargained for
because of counsels failure to investigate the issue of custody
credits. Another important key that the court misses is that the
court lacks the authority to enter an illegal judgment so whether
or not petitioner would have gone to trial is moot.

Accordingly, the first two prongs of petitioners IAC claim
should be granted as counsels illegal advice is clearly contrary
to "prevailing professional norms."

With regards to the third prong of petitioners IAC claim:
Counsel was ineffective for informing petitioner he would receive
20% credits on his life sentence when he in fact cannot receive
those credits according to law. The court argues: "The difference
between parole eligibility in 20 years and parole eligibility in
25 years, although important, does not rise to the level of a
"gross mischaracterization" of the likely sentencing outcome so
as to invalidate petitioners guilty plea." (F & R at p. 13, lines
6-9). The courts reasoning is based on their interpretation of
Iaea v. Sunn, 800 F.2d 861, 865 (9th Cir. 1996).

Petitioner respectfully suggests that our Nations highest
court has never articulated nor condoned the "gross
mischaracterization doctrine. In fact, the court just held in

4.

Glover v. U.S., 121 S.Ct. 696 that such a rule is not "well
considered in any event, because there is no obvious dividing
line by which to measure how much longer a sentence must be for
the increase to constitute substantial prejudice ... the amount
of increase in sentence ... cannot serve as a bar to showing
prejudice." id. at p. 701.

The court has also held: "A plea of guilty entered by one
fully aware of the direct consequences ... must stand, unless
induced by ... misrepresentation, including unfulfilled or unful-
fillable promises..." Brady v. United States, (1970) 90 S.Ct. 1463
at headnote 16. The Brady court further stated: "To be admissable
a confession (of guilt) must be free and voluntary; that is, it
must not be ... obtained by any direct or implied promises how-
ever slight..." id. at headnote 15. Likewise, the court also
stated: "where a promise is unfulfilled, specifically denies that
the plea must stand." Brady, 397 U.S. 742 at p. 755.

In United States ex rel. Baker v. Finkbeiner, (1977) 551 F.2d
180, Baker was not informed of a two year parole term and the court
therein held: "We do not find the imposition of a two year parole
term to be an insignificant punishment. We therefore hold that
Bakers guilty pleas was unfairly induced in violation of the Due
Process clause." id. at p. 184.

Was Baker prejudiced by this additional period of custody?
The court in United States ex rel. Williams v. Morris, (1980) 633
F.2d 71,75 ruled that he was when they compared the Baker
decision to the Timmreck decision. The court stated: "Baker was
prejudiced in that he received a sentence calling for two years
of custody (on parole) more than he bargained for." id. at p. 75.

Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495 states:
"When a plea rests in any significant degree on a promise or agree-
ment of the prosecutor, so that it can be said to be a part of the
inducement or consideration, such promise must be fulfilled."
id. at p. 499. The court further stated: "That the breach of
of agreement was inadvertant does not lessen its impact." id. at

p. 499. Thus, the amount of the disparity is irrelevant. Petitioner
was promised 20% credits. He is not getting those credits and is
having to serve 5 more years than bargained for. Therefore, his
plea cannot be knowing and voluntary.

This issue of voluntariness is specifically addressed in
McCarthy v. U.S., 89 S.Ct. 1166: "because a guilty plea is an
admission of all the elements of a formal criminal charge, it
cannot be truly voluntary unless the defendant possesses an
understanding of the law in relation to the facts." id. at p. 1171.

Counsel's failure to "ascertain through minimal research"
Hill v. Lockhart, 894 F.2d 1009 cert denied 497 U.S. 1011, 110
S.Ct 3258 the zero credit rule, and his erroneous parole eligibility
advice constitutes IAC.

The courts citation of Iaea v. Sunn, for their "gross
mischaracterization" doctrine is really not on point with petitioners
claim anyway. Iaea pled guilty with the knowledge that the
prosecutor was going to seek the maximum penalty. In fact, prior
to accepting his plea, the court informed Iaea that he could still
receive a life sentence. Iaea chose to plead guilty with that
knowledge. (Iaea v. Sunn, 800 F.2d 861, Facts of the Case at p.
863.) Iaea was never promised anything. He was told that it
was possible he would receive a life sentence and he did. The only
reason he was remanded is because counsel coerced him into plead-
ing guilty. Conversely, petitioner was promised 20% credits by
both counsel and the court. Said promise is unfulfilled, and is
in fact unfulfillable.

The court, lastly denies that the state of California is in
breach of the plea agreement. The court states: "The statd did
not have a constitutional obligation to inform petitioner of his
parole eligibility." (citations omitted). (F & R at pp. 13-14).

That arguement fails. The fact of the matter is that the
promise of 20% credits was part of the contract an it is unful-
filled, the plea doesn't stand and must be vacated.

The court next states: "Further, petitioner has not pointed

6.

to any part of the plea agreement that was breached." (F & R at
p. 14). This is patently false. Throughout these proceedings
petitioner has stated that the promise of 20% credits is unful-
filled and, therefore, the state is in breach of contract
regarding the issue of 20% custody credits. (See e.g., Traverse
at p. 19.)

"Although plea agreements are a matter of criminal juris-
prudence such agreements are contractual in nature and must be
measured by contract law standards." U.S. v. Sutton, 794 F.2d
1415 (9th Cir. 1986); U.S. v. Kramer, 781 F.2d 1380 (9th Cir. 1986);
and U.S. v. Schuman, 127 F.3d 815 (9th Cir. 1997). Thus, because
a plea bargain is a contract, it can be breached.

"Courts must look to facts of each case to determine what
was reasonably understood by the parties to be terms of plea
agreement." U.S. v. Gerace, 997 F.2d 1293 (9th Cir. 1993). "In
interpreting plea agreements, the government is to be held to the
literal terms of the agreement." U.S. v. Anderson, 990 F.2d 602
(9th Cir. 1992) as amended 990 F.2d 1163 (1993); and U.S v. Phillips,
174 F.3d 1074 (9th Cir. 1999).

In this case, the promise of 20% credits was a component of
the plea bargain. It is unfulfilled. Therefore, the state is in
breach, and since the promise of 20% credits is unfulfillable by
law, the plea must be vacated.

Moreover, this breach cannot constitute "harmless error" as
the harmless error rule doesn't apply to a breach of plea agree-
ment. U.S. v. Mondragon, 228 F.3d 978, 981 (9th Cir. 2000);
U.S. v. Johnson, 187 F.3d 1129, 1135 (9th Cir. 1999).

As for the prejudice prong: Our nations highest court recently
held: "Authority does not suggest that a minimal amount of
additional time in prison cannot constitute prejudice." Glover
v. U.S., 121 S.Ct. 696, 700. They further stated: Such a rule
is not "well considered in any event, because there is no
obvious dividing line by which to measure how much longer a
sentence must be for the increase to constitute substantial

7.

prejudice ... the amount of increase in sentence ... cannot serve as a bar to showing prejudice." id. at p. 701.

Should this court find that the state has indeed breached the plea agreement, it should remand the case so that the state can devise the proper remedy. Santobello v. New York, 404 U.S. 257, 262-63 (1971); and Gunn v. Ignacio, 263 F.3d 965, 970-71 (9th Cir. 2001).

At the very least, petitioner is entitled to an evidentiary hearing or, at the courts discretion, discovery or expansion of the record. Blackledge v. Allison, 431 U.S. 63, 76, 80-82 (1977) (Allegation of breach entitles defendant to an evidentiary hearing unless defendants allegations are "palpably incredible" or "patently frivolous or false").

The courts findings as to the fourth part of petitioners IAC claim are quite confusing. The court first states: "Petitioner is not claiming that his plea was actually involuntary due to mental incompetency, nor does he claim that the trial court should have raised the issue of petitioners competence sua sponte. Accordingly, cases cited by petitioner addressing such claims are not on point." (F & R at p. 14, fn. 4).

The courts findings are incorrect. Petitioner Specifically stated: "An incompetent defendant cannot make a valid guilty plea. Miles v. Stainer, 108 F.3d 1109, 1112 (9th Cir. 1997)." (Traverse at pp. 23-24). If an incompetent defendants guilty plea is invalid --- then it must also be involuntary.

Petitioner further stated: "Defense counsel has an affirmative duty to conduct a careful investigation concerning the mental competency of his or her client when evidence exists of incompetency. Evans v. Lewis & Bramlett, 855 F.2d 631 (9th Cir. 1988). He may not waive or unilaterally discard this issue. Pate v. Robinson, (1966) 383 U.S. 375, 86 S.Ct 836 ... Counsel was aware of petitioners incompetency, yet he failed in his duty to investigate the matter. Counsel did in fact visit petitioner while he was in a suicide cell... (Traverse at p. 25).

8.

While petitioner may not have used the exact words: sua sponte, he did in fact argue that counsel had a duty to request a competency hearing on the spot when confronted with evidence of petitioners incompetency. Accordingly, all cases cited by petitioner are directly on point.

The court go's on to argue whether the state courts rejection of this claim involved a contrary to or unreasonable application of Strickland. (F & R at pp. 15-18). They conclude that it didn't because "the record before the court does not substantiate petitioners claim that he was unable to understand the proceedings against him or to enter a voluntary and knowing guilty plea, nor does it raise a "bonafide doubt" as to his competency to stand trial." (F & R at p. 18).

This is an erroroneaous interpretation of the law and facts of this case.

In Dusky v. United States, the supreme court explained the test for competency: A trial court must determine whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational as well as factual understanding of the proceedings against him." 362 U.S. 402 (1960).

Although the court has not articulated the specific criteria necessary to determine whether sufficient doubt exists, it has recommended that the factfinder consider "evidence of a defendants irrationable behavior, his demeanor at trial, and any prior medical opinion." Drope v. Missouri, (1975) 420 U.S. 162, 180.

As applied to the facts of this case: Petitioners irrational behavior was his suicide attempt which landed him in a suicide cell. As for the prior medical opinion; counsel had in his possession medical records attesting to petitioners mental illness and prior hospitalization for a suicide attempt.

Likewise, the Ninth Circuit in discussing what constitutes evidence of incompetency stated: "evidence of antisocial behavior, mental illness, emotional outbursts, narcotics usage,

9.

and other factors indicating poor judgment and insight are
probative of a defendants competence to enter a guilty plea."
Chavez v. U.S., 656 F.2d 512, 519 (9th Cir. 1981). As applied to
petitioner; he has a documented mental illness and showed "poor
judgement and insight" by trying to commit suicide while in the
county jail.

The court goes on to conclude: "the court does not find
good cause to conduct an evidentiary hearing." (F & R at p. 18).
Petitioner disagrees and reasserts that an evidentiary hearing is
imparative to resolving this issue.

For all the reasons stated, the court should grant the writ
with respect to ground one.

B. TRIAL COURTS ACCEPTANCE OF PLEA AGREEMENT

With regards to petitioners second claim: "the trial court
exceeded their jurisdiction as set forth in the Cal. Penal Code
(e.g., their ratification of the illegal plea bargain, and their
illegal dismissal of enhancements as a component of said bargain).
(petition at pp. 5, 12 and traverse at pp. 30-32).

The court begins their "findings and recommendations" by
limiting the defintion of "jurisdiction" to only two possibilities:
(1) an unconstitutional statute; and (2) subject matter jurisdiction.
(F & R at p. 20, lines 20-23). The courts findings would be
correct if these were the only possible definitions of
"jurisdiction".

The fact of the matter is that the term jurisdiction has so
many different meanings that no single statement can be entirely
satisfactory as a definition. Generally, the term "jurisdiction"
means (1) the right or authority to interpret and apply the law
and (2) the limits within which authority can be exercised.

The limits within which the courts authority may be exercised
are defined by: constitutional provisions; express statutory
declarations; rules developed by courts; and case law (which is
the interpretation of express statutory declarations).

In this case, the courts authority is defined by the Calif.

10.

penal code. Specifically, sections 667(g); 1170.12(e); and
1385(b). Both 667(g) and 1170.12(e) provide relevent part:
"Prior felony convictions shall not be used in plea bargaining as
defined in subd. (b) of section 1192.7..." The express statutory
declaration is clear: there shall be no plea bargaining in a
3-strikes case. When the court accepted and ratified the plea
bargain, they exceeded their authority as defined by statute.
Therefore, they acted in excess of their jurisdiction.

Section 1385 provides in relevent part:

(a) The judge...may order an action to be dismissed...

(b) This section does not authorize a judge to strike a prior
conviction of a serious felony for purposes of enhancement of a
sentence under section 667.

The express statutory authority in section 1385(b) is clear.
The judge cannot dismiss 667 enhancements. Therefore, when the
judge dismissed petitioners two 667(a) enhancements as a component
of the plea bargain (RT. 5-6; F & R at p. 19, fn. 5) --- he
exceeded his authority. He acted in excess of his jurisdiction.

The Supreme Court held in Menna v. New York, 423 U.S. at
62-63, that "jurisdictional issues, are rights which are justified
as protecting something other than the truthseeking process." In
this case, the court exceeded their jurisdiction as set forth in
statutes. Thus, petitioners claim can properly be termed
"jurisdictional" as it challenges something other than the truth
seeking process.

Lastly, the court states that petitioner isn't entitled to
relief on this claim because the "error alleged (didn't) result
in a complete miscarriage of justice." The court relies on Hill
v. United States, 368 U.S. 424, 428 (1962) and Christian v. Rhode,
41 F.3d 461 (9th Cir. 1994) to support this conclusion. (F & R
at p. 21). This interpretation is legally flawed!

To begin with; there is no "misscarriage of justice" doctrine
articulated in Hill. Moreover, Hill was a federal prisoner,
tried and convicted in federal court, challenging a federal statute.

11.

Hill brought a motion to vacate under 28 U.S.C. 2255. He alleged violations of federal statute (i.e., Rule 32(a) of Federal rules of criminal procedure, Title 18 U.S.C.) His claim was deemed not of a constitutional nature and was denied. Furthermore, all the cases petitioner has researched that rely on Hill, also deal with only challenges to federal statutes. (See e.g., Cross v. Cunningham, 87 F.3d 586, 587 (1st Cir. 1996)(challenging Interstate Agreement on Detainers Act); Kerr v. Finkbeiner, 757 F.2d 604, 607 (4th Cir. 1985) (Same); Napoli v. U.S., 32 F.3d 31, 35 (2nd Cir. 1994) (challenging incorrect jury instruction under RICO); Llamas-Almaguer v. Wainwright, 666 F.2d 191, 194 (5th Cir. 1982) (claimed that state violated federal wiretapping statute).

Thus, Hill doesn't extend to state prisoners challenging state court errors of constitutional magnitude under 28 U.S.C. 2254.

The other case the court relies on is Christian v. Rhode. This case is similar to the ones cited above. Christian didn't argue, as petitioner does here, that the trial court exceeded their jurisdiction by imposing an illegal sentence. Rather, he only alleged that he shouldn't receive an enhancement for a federal conviction of wiretapping. (41 F.3d 461 (9th Cir. 1994).)

Accordingly, the cases relied upon by the court to substantiate their findings are moot.

"It is well settled that a sentence which does not comply with the letter of the criminal statute is not only erroroneous but void." Mathes v. United States, 254 F.2d 938, 939 (9th Cir. 1958) citing Bozza v. United States, (1943) 67 S.CT 645, 649.

**C. WHETHER APPLICATION OF THREE STRIKES LAW VIOLATED PETITIONERS PREVIOUS PLEA AGREEMENTS (F & R at p. 21)**

From the outset, (by using the words they did in the heading), the court makes it clear they didn't understand petitioners claim. While the court cites verbatim petitioners claim from his traverse (F & R at p. 22, lines 4-7) they neither interpret the claim correctly, nor do they provide any findings on point with it.

12.

The courts findings, in their entirety, are rendered moot by the erroroneous assumption that petitioner is challenging his prior convictions. This is not the case at all! Petitioner is challenging his current conviction and the constitutionality of Californias 3-strikes law! (See Traverse at pp. 33-40).

For the benefit of the court, petitioner will again state his claim but first he would like to address a few of the courts findings.

First, the court states: "Any claim that the use of petitioners prior convictions as "strikes" under the three strikes law violated the California Constitution is not cognizable on federal habeas corpus. McGuire, 502 U.S. at 67-68; Middleton, 768 F.2d at 1085." (F & R at p. 22, fn. 6). This finding is meritless. Petitioner specifically referenced Article 1, Section 10 of the United States Constitution. Petitioner did also reference Article 1, Section 9 of the Calif. Constitution. However, this was only to show that Californias Constitution stated the same as the U.S. Constitution.

Secondly, the court finds that because this claim was denied by the Superior Court in a reasoned decision this claim must be analyzed under the "contrary to" or "unreasonable application of" clause contained in 28 U.S.C. 2254(d). (F & R at p. 22). Petitioner respectfully disagrees that the Superior Court issued a reasoned decision. The Superior Court, in there denial, stated: "Petition for writ of habeas corpus filed August 3, 1999, is denied. The sentence imposed was not in violation of the negotiated plea. (See People v. Michael Anthony CO28811)..." The court never addressed this issue. They cited "CO28811" as the case number. That was in fact the case number for this current case, so what they were saying was that there was no breach of agreement on the current case. This does not address the issue of petitioners prior convictions not being "strikes" under Article 1, Section 10 of the United States Constitution.

Moreover, the opinion of the court doesn't rely on any

13.

federal Supreme Court authority. The issue isn't analyzed by any federal precedence. Therefore, this court should review the case de novo.

As petitioner mentioned earlier, the court does not interpret this claim correctly and sets forth many irrelevent findings.

Here is the issue:

Article 1, Section 10 of the United States Constitution prohibits any state from enacting laws which impair the obligation of contracts. Californias Three Strikes Law is just such a law prohibited by the Constitution. (NOTE: Due to time constraints in filing these objections, petitioner has been unable to sheperdize his current case law and update it with more recent cases. He will do so should the court request it).

The Constitutional prohibition contained in Art. 1, Sec. 10, means that States are prohibited from enacting "Any law which causes deviation from the terms of the contract by postponing or accelerating the period of performance which it proscribes; imposing conditions not expressed; or dispensing with the performance of those conditions that are expressed." Green v. Biddle, (1823) 21 U.S. 1; Federal Land Bank v. Garrison, (1937) 187 S.Ct. 255. The prohibition contained in the Constitution "embraces all contracts executed or executory, whether between individuals or between states and individuals." Green v. Biddle, (1823) 21 U.S. 1.

In short, a State may not enact statutes and ordinances subsequent to the execution of the contract, which add burdens or impair the obligation of the contract. Chicago v. Seldon, (1869) 76 U.S. 50; Gelpucke v. Dubuque, (1863) 63 U.S. 1. (See also, Cal. Jur.3d, Section 172 of Contract Law).

Californias Three Strikes Law impairs the obligation of plea bargains made prior to its enactment by "imposing conditions not expressed". When petitioner pled guilty in 1991 and 1993, his convictions were not strikes. The Three Strikes Law imposed that condition on all prior convictions, including pre-1994 contracts/ plea bargains. This is the epitome of a law enacted impairing

14.

the obligation of contracts!

With regard to this claim, this court should request specific findings with regard to the exact issue, or grant the writ and hold that Californias Three Strikes Law is unconstitutional with regards to its ability to use pre-1994 plea bargains/contracts as "strikes".

D. FAILURE OF THE CALIFORNIA COURT OF APPEAL TO CONSIDER PETITIONERS TRAVERSE PRIOR TO ISSUING ITS RULING

With regard to this issue, the court only provides one finding: "This allegation fails to state a federal claim..." (citations ommitted). (F & R at p. 25). This is patently false. Petitioner specifically stated that the right to file a habeas corpus petition is guarenteed by Art. 1, Sec. 9 of the United States Constitution and that the Constitution also guarentees petitioner the right to Due Process of Law, and, therefore, the right to file a traverse. (Traverse at pp. 40-41).

Thus, this claim is clearly a federal violation and the writ should be granted and a suitable remedy provided.

E. CRUEL AND UNUSUAL PUNISHMENT

Petitioner has already submitted on this issue and is not sure why the court included it in their findings and recommendations.

Petitioner will make one observation though. The court relies on the Supreme Courts decision in Andrade and Ewing. Petitioner read the courts opinion in 2003 when it came out and feels that his case is distinguishable from theres. Andrade had (3) prior serious felony convictions for first-degree burglary. Petitioner only had two prior serious felony convictions. Ewing had (7) or (8) prior felony convictions with at least four of his convictions involving violence. Petitioner's criminal history consists of a prior first-degree burglary in which he received a sentence of county jail, a prior second-degree robbery, and this current conviction for second-degree robbery. Petitioner does not possess the lengthy criminal history that Andrade and Ewing possessed, and there is a complete absence of violence in petitioner's criminal history. Petitioner is not your typical

third strike offender. That is what constitutes cruel and
unusual punishment in this case.

CONCLUSION

For all the reasons contained in the petition, traverse, and
these objections, the court should:

(1) grant the writ and remand for resentencing; or

(2) conduct an evidentiary hearing; or, in the event of a
complete denial

(3) issue a certificate of appealability to the Ninth Circuit.

///
///
///

Dated: 11/27/05

Respectfully Submitted

Michael Anthony,
Petitioner in pro per

16.

Michael Anthony, J-12891
P.V.S.P., C3-206
P.O. Box 8503
Coalinga, CA  93210


IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


Michael Anthony,                     )       No. CIV S-02-0081 FCD JFM P
          Petitioner                 )            PROOF OF SERVICE
                                      )
     vs.                             )
                                      )
Gail Lewis, Warden, et al.,          )
          Respondants                )
_____)


On  \\ \ ᴏ7 \ ᴏ5_____, petitioner delivered the following
documents to prison officials for mailing:  "Notice of Address
Change" and "Objections to Magistrates Findings and Recommendations".

     The above mentioned documents were placed in a postage paid
envelope addressed as follows:

Clerk of the Court                    Brian G. Smiley
United States Dist. Court             Deputy Attorney General
Eastern Dist. of Calif.               1300 I Street
501 I street, Suite 4-200             P.O. Box 944255
Sacramento, CA  95814-2322            Sacramento, CA  94244-2550

     I declare under penalty of perjury that the foregoing is
true and correct.

     Executed this  ᴏ7th day of November, 2005 at Pleasant State
Prison, Coalinga, California.

                                      michael Anthony
                                      Petitioner In pro Per