**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 20 2008

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL ANTHONY,<br><br>            Petitioner - Appellant,<br><br>   v.<br><br>GAIL LEWIS,<br><br>            Respondent - Appellee. | No. 06-15316<br><br>D.C. No. CV-02-00081-FCD/JFM<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., District Judge, Presiding

Argued and Submitted July 16, 2008
San Francisco, California

Before: KOZINSKI, Chief Judge, FARRIS, Circuit Judge, and PANNER,[**] District Judge.

   Michael Anthony, a California state prisoner, appeals the district court's denial of his habeas petition. We AFFIRM.

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]   The Honorable Owen M. Panner, United States District Judge, District of Oregon, sitting by designation.

I.

Anthony contends his trial counsel was ineffective because his attorney incorrectly stated he would be eligible for parole after serving 20 years of a 25-years-to-life sentence.  In fact, Anthony will not be eligible for parole until he has served 25 years.  See In re Cervera, 16 P.3d 176, 180-82 (Cal. 2001).  Counsel's alleged statement did not, however, fall outside "the range of competence demanded of attorneys in criminal cases."  United States v. Signori, 844 F.2d 635, 638 (9th Cir. 1988).  Even if the alleged advice was deficient, Anthony has not shown he would have insisted on going to trial.  See Hill v. Lockart, 474 U.S. 52, 59 (1985).  Evidence of Anthony's guilt was overwhelming, and if Anthony had been convicted, he would not have received the ten-year reduction included in the plea agreement.  For the same reason, Anthony has not shown that his counsel was ineffective for advising him to enter a plea agreement that violated state law.

Anthony also contends his attorney was ineffective for not requesting a competency hearing.  See Douglas v. Woodford, 316 F.3d 1079, 1085 (9th Cir. 2003) (counsel has duty to investigate defendant's mental state "if there is evidence to suggest that the defendant is impaired").  Anthony failed, however, to provide any evidence that his bipolar disorder rendered him incompetent to stand trial.

II.

Anthony argues his plea agreement violated his due process rights. Under the plea agreement, Anthony avoided two sentence enhancements for his prior felony convictions. Anthony contends the plea agreement violated California law, which provides that "[p]rior felony convictions shall not be used in plea bargaining," and that the prosecution "shall not enter into any agreement to strike or seek the dismissal of any prior felony conviction allegation." Cal. Penal Code § 667(g).

Even assuming the plea agreement violated California law, Anthony's due process rights were not violated. Anthony actually benefitted by receiving a lower sentence than he would otherwise have received.

III.

Anthony contends his sentence violates the plea agreements from his two prior felony convictions because he was not warned that the convictions could be used to enhance a sentence for a future conviction. Because there is no evidence that the prior plea agreements prohibited using the convictions to enhance later sentences, Anthony cannot show that his current sentence breached the prior agreements. See Ricketts v. Adamson, 483 U.S. 1, 5 n.3 (1987).

IV.

We do not reach the merits of Anthony's uncertified claims. Anthony has not made a "substantial showing of the denial of a constitutional right" that would allow us to expand the Certificate of Appealability. See Doe v. Woodford, 508 F.3d 563, 567 (9th Cir. 2007) (internal quotation omitted).

**AFFIRMED**.